1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg WALLACE, a minor, By and Through his father; Steven
WALLACE, Plaintiff-Appellant,
v.
KNOX COUNTY BOARD OF EDUCATION; Sam Anderson; Paul Kelley;
John Cox, Jr.; Margaret Maddox; A.L. Lotts; Steve Hill;
Cecil Kelly; Ron McPherson; Jerry Glenn, and their
Successors, Defendants-Appellees.
 No. 92-6195.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1993.
 
 1
 Before: GUY and NELSON, Circuit Judges and HOOD, District Judge.*
 
 ORDER
 
 2
 Greg Wallace, a minor, by and through his father, Steven Wallace, appeals from an order of the district court dismissing his cause of action. Although Wallace states that he is bringing this action directly under the Constitution, the proper basis for this action is 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Greg Wallace is enrolled within Tennessee's Knox County public school system. In 1989, the Knox County Board of Education agreed to use Whittle Communications' Channel One program in the Farragut Middle School, where Greg was enrolled at the time. Channel One is broadcast over Whittle Communications' audiovisual equipment. For every twelve minutes of programming, two minutes are set aside for advertising. Steven Wallace, Greg's father, complained to the Superintendent of Knox County Schools, objecting to the contents of the program and to the commercials. Mr. Wallace then contacted the principal of Farragut Middle School and stated his desire that his son not watch Channel One. As a result, Greg began to stand in the hallway when Channel One was aired in the classroom. Mr. Wallace objected to his son having to stand in the hallway, and, as a result, Greg was allowed to sit in the teachers' room during the airing of Channel One. During the time that Greg is in the teachers' room, he is provided neither educational instruction nor educational material.
 
 
 4
 Plaintiff alleges that Channel One and the accompanying commercials include religious messages that infringe upon his right to be free from religious instruction and which constitute the establishment of a religion in violation of the First Amendment. Plaintiff alleges that defendants' failure to provide alternative educational instruction violates the Equal Protection Clause of the Fourteenth Amendment. Further, plaintiff alleges that because Channel One is not educational and because neither he nor his parents were given an opportunity to voice their objections to the airing of Channel One, he is being deprived of a liberty interest without due process of law in violation of the Fourteenth Amendment. Finally, it is alleged that defendants violated Mr. Wallace's First Amendment rights when he was not allowed to distribute surveys to the students of Farragut Middle School. For relief, plaintiff sought a preliminary and permanent injunction requiring the Knox County Board of Education to cease and desist from airing Channel One or, in the alternative, plaintiff sought a preliminary and permanent injunction which requires the Knox County Board of Education to provide alternative instruction for those students who choose not to view Channel One. Upon motion by the defendants, the district court dismissed the case.
 
 
 5
 This court's review of a district court's dismissal of a cause of action pursuant to Fed.R.Civ.P. 12(b)(6) is de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Only the pleadings are to be considered, and all well-pleaded facts must be accepted as true. Jackson v. Richards Medical Co., 961 F.2d 575, 577-78 (6th Cir.1992).
 
 
 6
 The First Amendment prohibits the "establishment of religion." U.S. CONST. amend. I. Accordingly, "government may not ... act in a way which 'establishes a [state] religion or religious faith, or tends to do so.' " Lee v. Weisman, 112 S.Ct. 2649, 2655 (1992) (quoting Lynch v. Donnelly, 465 U.S. 668, 678 (1984)). Plaintiff alleges that Channel One "broadcasts introduce and promote the value of individual business interests in the classroom and thereby promote the idea that a student's worth and character are to be measured by and derived from owning or using certain commercial products." We are satisfied that plaintiff's allegation, taken as true, does not amount to a violation of the Establishment Clause, as a religion or a religious faith is not involved.
 
 
 7
 As to plaintiff's equal protection argument, the Equal Protection Clause of the Fourteenth Amendment proscribes state action of every kind that operates to deny any citizen the equal protection of the laws. Gilmore v. City of Montgomery, 417 U.S. 556, 565 (1974) (citing Civil Rights Cases, 109 U.S. 3, 11 (1883)). Plaintiff has voluntarily removed himself from a portion of the education being provided others. Therefore, there is no equal protection violation.
 
 
 8
 Similarly, plaintiff has failed to state a cause of action based upon a violation of his due process rights. Any interest that plaintiff has in public education is not being denied by the State. Insofar as plaintiff may be alleging a violation of the Free Exercise Clause, we agree with the district court that, based upon Mozert v. Hawkins County Bd. of Educ., 827 F.2d 1058 (6th Cir.1987), cert. denied, 484 U.S. 1066 (1988), plaintiff failed to state a cause of action as his complaint was no more than an allegation that he did not agree with the purported values, ideas and beliefs being broadcast over Channel One.
 
 
 9
 Finally, we conclude that, contrary to plaintiff's argument, the district court did not impermissibly threaten Rule 11 sanctions. Moreover, plaintiff's "equal access" issue has been abandoned. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 10
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation